Mathew K. Higbee
Naomi M. Sarega
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92782
Telephone: (714) 617-8373
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LISA CORSON,<br><br>    Plaintiff,<br><br>v.<br><br>VIVE EXTERIOR DESIGN, LLC; and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT** |

Plaintiff, Lisa Corson alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant because Defendant conduct business within the state of Indiana, Defendant's acts of infringement complained of herein occurred and were expressly aimed at the state of Indiana, and Defendant caused injury to Plaintiff within the State of Indiana.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Lisa Corson is an individual and professional photographer.

6. Defendant Vive Exterior Design, LLC, is an Indian limited liability company with a place of business at 11071 E 126th Street, Fishers, IN, 46038.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff Lisa Corson ("Corson") is a successful and acclaimed photographer that previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

9. Corson's client list includes AARP, Country Living, Delta Airlines, Google, House & Garden, The National Geographic Channel, The New York Times, and The Washington Post.

10. Corson is the sole creator and exclusive rights holder a photograph of a bocce ball court (the "Photograph").

11. A true and correct copy of the Photograph is attached as Exhibit A.

12. Corson has registered her Photograph with the United States Copyright Office under registration Vau 1-259-709 with an effective date of registration of September 18, 2016.

13. Defendant Vive Exterior Design, LLC ("Vive") is a landscape design company.

14. Vive owns and operates the business website www.viveexterior.com (the "Website") through which it advertises its services and solicits business.

15. On information and belief, Vive has the ability to supervise and control all content that is uploaded to the Website.

16. Onits Website, Vive maintains a portfolio of imagery which it uses to advertise its services to the public.

17. Without permission or consent, Defendant Vive uploaded and displayed Corson's Photograph on its Website on its portfolio page.

18. Attached hereto as Exhibit B are screenshots showing Vive's use of Corson's Photograph on its website.

19. Corson hired an intellectual property management company called Image Rights to attempt to recover a license fee for the unauthorized use of her Photograph, however Vive refused to engage in good faith discussions after numerous attempts.

20. Subsequently, Corson retained Higbee & Associates to contact Vive.

21. Vive never responded to Higbee & Associates' numerous attempts at contact.

22. Corson never authorized Vive to use her Photograph in any manner including displaying it on the Website.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph by Defendant.

25. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized,

and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by knowingly copying the Photograph and displaying it on the Website.

26. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

27. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, Corson requests judgment against Defendant as follows:

1. Actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Corson's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

2. A permanent injunction pursuant to 17 U.S.C. § 502(a);

3. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

4. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or otherwise available by law;

5. Prejudgment interest to Corson on all amounts owed; and

6. Any such other and further relief as the Court may deem just and appropriate.

/ / /

/ / /

/ / /

5

| | |
|---|---|
| Dated: January 17, 2022January 17, 22 | Respectfully submitted, |
| | **/s/ Mathew K. Higbee** |
| | Mathew K. Higbee |
| | **HIGBEE & ASSOCIATES** |
| | 1504 Brookhollow Drive, Suite #112 |
| | Santa Ana, CA 92782 |
| | Telephone: (714) 617-8373 |
| | mhigbee@higbeeassociates.com |
| | Counsel for Plaintiff |